## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| COUPONCABIN LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:14-cv-39 |
| SAVINGS.COM, INC., a Delaware corporation; COX TARGET MEDIA, INC., a Delaware corporation; LINFIELD MEDIA, LLC, a Delaware limited liability company; INTERNET BRANDS, INC., a Delaware Corporation; SAZZE, INC. d/b/a DEALSPLUS, a California corporation; and DOES 1 through 10 inclusive; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

BACKGROUND ..................................................................................................... 1

    I.    Defendants' Motion to Dismiss Must be Denied ......................................... 4

        A.    Standard ......................................................................................... 4

        B.    Defendants' Unauthorized Access of the www.couponcabin.com Website States a Claim under the Computer Fraud and Abuse Act ............................................... 5

            1.    The CFAA is not Limited to Hacking ........................................... 5
            2.    Defendants "Use" v. "Access" Distinction is not Supported by Prevailing Authority ................................................................ 6
            3.    Defendants' Cases Are Distinguishable .................................... 8

        C.    Plaintiff Alleges a Claim under the Digital Millennium Copyright Act .................................................................................. 9

            1.    The DMCA does not Impose a "Nexus" Requirement ................ 9
            2.    Whether Plaintiff Controlled Defendants' Access under the DMCA is a Question of Fact.................................................... 11

        D.    Plaintiff's Terms and Conditions are Enforceable as to Defendants ..................................................................................... 12

            1.    Browse-Wrap Agreements are Enforceable as a Matter of Law ......................................................................................... 13

    II.    Defendants' Motion for More Definite Statement is Unnecessary and a Transparent Attempt to Delay ................................................................ 15

        A.    Standard ....................................................................................... 15

            1.    Aggregation of Allegations does not render the Pleading so vague or ambiguous that the party cannot reasonably prepare a response ....................................................................... 15
            2.    The FAC is not a "Shot-Gun" Pleading...................................... 16
            3.    Allegations Made Upon Information and Belief are Appropriate ................................................................................ 17

CONCLUSION.................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Adams Street Joint Venture v. Harte,*
    231 F. Supp.2d 759, 763 (N.D.Ill.2002) ........................................................................ 17

*Agfa Monotype Corp. v. Adobe Sys.,*
    404 F. Supp.2d 1030, 1034-5 (N.D. Ill. 2005) ........................................................... 9, 10

*Ashcroft v. Iqbal,*
    556 U.S. 662, 663-4 (2009) ............................................................................................ 4

*Atwater v. Nat'l Football League Players Ass'n,*
    No. 1:06CV1510 JEC, 2007 WL 1020848, at *11 (N.D. Ga. Mar. 29, 2007) ............. 17

*Beesley v. Int'l Paper Co.,*
    No. 06-703-DRH, 2009 WL 260782, at *1 (S.D. Ill. Feb. 4, 2009) .............................. 18

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 570 (2007) ................................................................................................ 4

*Branson v. St. Elizabeth Sch. of Nursing,*
    4:15–CV–87–TLS–PRC, 2015 WL 7460144, at *1 (N.D. Ind. Nov. 24, 2015) ............ 15

*Buschmann v. Professional Men's Ass'n,*
    405 F.2d 659, 663 (7th Cir. 1969) ................................................................................... 5

*Cairo, Inc. v. Crossmedia Servs., Inc.,*
    No. C 04–04825, 2005 WL 766610, at *5 (N.D.Cal. Apr. 1, 2005 ............................... 14

*Chamberlain Grp., Inc. v. Skylink Techs., Inc.,*
    381 F.3d 1178, 1203 (Fed. Cir. 2004) ...................................................................... 9, 10

*CollegeSource, Inc. v. AcademyOne, Inc.,*
    No. 10-3542, 2012 WL 5269213, at *5 (E.D. Pa. Oct. 25, 2012) ................................... 8

*Craigslist Inc. v. 3Taps Inc.,*
    964 F. Supp. 2d 1178, 1182-83 (N.D. Cal. 2013) ....................................................... 6, 7

*CustomGuide v. CareerBuilder, LLC,*
    813 F. Supp. 2d 990, 1001 (N.D. Ill. 2011) .................................................................. 16

*Cvent, Inc. v. Eventbrite, Inc.,*
    739 F. Supp.2d 927, 932-3 (E.D. Va. 2010) ................................................................... 8

*Dick Corp. v. SNC-Lavalin Constructors, Inc.,*
   2004 WL 2967556, 12 (N.D. Ill.) ................................................................ 15

*DIRECTV, Inc. v. Ferguson,*
   328 F. Supp. 2d 904, 910-11 (N.D. Ind. 2004) ...................................... 9

*eBay v. Digital Point Solutions,*
   608 F. Supp. 2d 1156, 1164 (N.D. Cal. 2009) ....................................... 7

*EF Cultural Travel BV v. Zefer Corporation,*
   318 F.3d 58, 63 (1st Cir. 2003) ............................................................. 7

*Facebook, Inc. v. Grunin,*
   77 F. Supp. 3d 965, 973 (N.D. Cal. 2015) ........................................... 7

*Facebook, Inc. v. Power Ventures, Inc.,*
   844 F. Supp. 2d 1025, 1038 (N.D. Cal. 2012) ..................................... 8

*Forest River, Inc. v. Heartland Recreational Vehicles, LLC,*
   No. 3:09-CV-302 JVB, 2010 WL 2674540, at *1 (N.D. Ind. June 29, 2010) ................. 4

*Fteja v. Facebook, Inc.,*
   841 F. Supp. 2d 829, 836 (S.D.N.Y. 2012) ....................................... 14

*Garza v. Chicago Health Clubs, Inc.,*
   329 F. Supp. 936, 942 (N.D.Ill.1971) ................................................. 17

*George v. Kraft Foods Global, Inc.,*
   Case No. 06-cv-798-DRH, 2007 WL 853998, at *2 (S.D.Ill. Mar.16, 2007) ................ 17

*Gonzalez-Servin v. Ford Motor Co.,*
   662 F.3d 931, 934 (7th Cir. 2011) ......................................................... 6

*I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.,*
   307 F. Supp. 2d 521, 532 (S.D.N.Y. 2004) ......................................... 9

*Jones v. Dave Miller Buick,*
   No. 98-C-5666, 1999 WL 116217, at *1 (N.D.Ill. Mar.2, 1999) .................... 17

*Koch Indus., Inc. v. Does, 1—25,*
   No. 2:10-CV-1275-DAK, 2011 WL 1775765 (D. Utah May 9, 2011) .................. 8

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,*
   387 F.3d 522, 547 (6th Cir. 2004) ....................................................... 12

*Maclean-Fogg Co. v. Edge Composites, L.L.C.,*
   No. 08 C 6367, 2009 WL 1010426 (N.D. Ill. Apr. 14, 2009) ..................... 17

*MDY Indus., LLC v. Blizzard Entm't, Inc.*,
  629 F.3d 928, 948 (9th Cir. 2010)................................................................. 10

*Navistar, Inc. v. New Baltimore Garage, Inc.*,
  No. 11-CV-6269, 2012 WL 4338816, at *4 (N.D. Ill. Sept. 20, 2012)............................ 9

*Nikolic v. St. Catherine Hosp.*,
  No. 2:10-CV-406, 2011 WL 4537911, *6 (N.D. Ind. Sept. 28, 2011) ............................ 15

*Nordstrom Consulting, Inc. v. M&S Techs., Inc.*,
  No. 06 C 3234, 2008 WL 623660 (N.D. Ill. Mar. 4, 2008) ........................................... 10

*Parker v. Brush Wellman, Inc.*,
  377 F. Supp.2d 1290, 1295 (N.D. Ga. 2005) ............................................................... 16

*Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
  No. 11 C 5177, 2012 WL 414803, at *6 (N.D. Ill. Feb. 8, 2012)...................................... 9

*Peterson v. Culver Educational Foundation*,
  402 N.E.2d 448, 461 (Ind. App. 1980) ....................................................................... 13

*Pollstar v. Gigmania, Ltd.*,
  170 F.Supp.2d 974, 980-2 (E.D. Cal. 2000) ................................................................ 13

*Ramirez v. State Farm Mut. Auto. Ins. Co.*,
  No. 2:15-CV-449-PRC, 2016 WL 204490, at *2 (N.D. Ind. Jan. 15, 2016) .................. 13

*Rayburn v. Car Credit Corp.*,
  2000 U.S. Dist. LEXIS 14944, at *12 (N.D. Ill. Oct. 10, 2000) ...................................... 5

*Roe v. Aware Woman Ctr. For Choice, Inc.*,
  253 F.3d 678, 683 (11th Cir.2001)............................................................................. 16

*Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*,
  486 F.3d 279, 285 (7th Cir. 2007)............................................................................... 12

*Southwest Airlines Co. v. Boardfirst, LLC*,
  No. 3:06–cv–0891, 2007 WL 4823761, at *5 (N.D.Tex. Sept. 12, 2007) .............. 13, 14

*Southwest Airlines Co. v. Farechase, Inc.*,
  318 F. Supp.2d 435, 441 (N.D.Tex.2004)................................................................... 13

*Sparrow v. United Air Lines, Inc.*,
  216 F.3d 1111, 1115 (D.C.Cir.2000) .......................................................................... 16

*Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*,

421 F.3d 1307 (Fed. Cir. 2005) .................................................................................. 10

*Ticketmaster Corp. v. Tickets.com, Inc.,*
    No. CV 997654, 2003 WL 21406289, at *2 (C.D.Cal. Mar. 7, 2003)........................... 14

*Ticketmaster L.L.C. v. RMG Technologies, Inc.,*
    507 F. Supp.2d 1096, 1107 (C.D.Cal.2007) ................................................................ 14

*United States for Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.,*
    664 F.Supp. 298, 303 (N.D. Ill. 1987) ......................................................................... 15

*Universal City Studios, Inc. v. Corley,*
    273 F.3d 429, 435 (2d Cir. 2001)................................................................................ 10

*Weingand v. Harland Fin. Solutions, Inc.,*
    No. C-11-3109 EMC, 2012 WL 2327660, at *3 (N.D. Cal. June 19, 2012) .................... 7

## RULES AND REGULATIONS

Fed. R. Civ. P. 8(a)(2) ................................................................................................. 15

Fed. R. Civ. P. 12(e).............................................................................................. 15, 18

## STATUTES

18 U.S.C. §1030......................................................................................................... 5, 7

17 U.S.C. §1201 *et seq.* ....................................................................................... 9, 11, 12

## OTHER AUTHORITIES

Charles Alan Wright & Arthur R. Miller,
    *Federal Practice & Procedure* § 1376 (3d ed. 1998 & Supp. 2007)............................ 18

Mark. A Lemley, *Terms of Use,*
    91 Minn. L.Rev. 459, 472 (2006) ............................................................................... 14

Theresa M. Troupson, Note, *Yes, It's Illegal to Cheat a Paywall: Access Rights and the DMCA's Anticircumvention Provision,*
    90 N.Y.U. L. Rev. 325, 331-335 (2015) ...................................................................... 12

Plaintiff, CouponCabin, LLC ("CouponCabin"), in Opposition to Defendants' Joint Motion to Dismiss or for More Definite Statement, states as follows:

## Introduction

Plaintiff filed suit in late 2014 against ten unidentified Doe Defendants alleging the detrimental and unlawful usurpation via "scraping" of valuable and protected content from the www.couponcabin.com website. Without the benefit of any discovery, Plaintiff undertook an investigation to identify the wrongdoers, and identified some of them as Defendants in the First Amended Complaint ("FAC") in November 2015. Defendants' responsive pleading argues that Plaintiff does not state a claim for relief or, in the alternative, has not made clear enough allegations such that Defendants can Answer. Their motion, however, reads like a summary judgment motion, misstating and ignoring operative facts before the benefit of discovery and omitting contrary relevant case law.

A motion to dismiss, however, cannot rest on some allegations and omit others. Neither can a motion for more definite statement. Each of Plaintiff's causes of action arise out of the same notice of allegations of wrong-doing giving rise to claims for violation of the Computer Fraud and Abuse Act ("CFAA"), violation of the Digital Millennium Copyright Act ("DMCA"), breach of contract, trespass and interference with prospective business advantage. Simply put, Plaintiff need only provide Defendants with notice of their wrong-doing under Rule 8 at this stage. Plaintiff more than complies with this obligation, requiring the Motion to Dismiss and for More Definite Statement ("Defendants' Motion) be denied.

## Background

Defendants' Motion is suspect in that it repeatedly omits allegations of fact which show Plaintiff states a claim under each of the causes of action alleged. On a Motion to

Dismiss, the Court cannot be asked to "cherry-pick" the allegations and make determinations of fact. A review of the operative facts alleged in the FAC, however, show a clear statement of the right to relief.

CouponCabin is a leading online provider of coupons for thousands of businesses. *See* FAC, ¶¶1, 18. Plaintiff provides genuine coupons, coupon codes, discount offers or deals, and/or links to same (referred to as "Coupon Content" in the FAC) through its website www.couponcabin.com. *Id.* Plaintiff provides the Coupon Content through agreements with online merchants and retailers and receives a commission for directing traffic and customers to its partners' websites. *Id.* at ¶¶2, 19-21. As a result, CouponCabin has established substantial goodwill in its brand and reputation as providing services of only the highest quality. *Id.* ¶¶2, 19-21, 25-6.

The CouponCabin website is an original copyrighted work. *See* FAC, ¶24. "Among the significant original elements of the CouponCabin website are the distinctive page layout, design, graphical elements, and organization…" *Id.* The website is available to the general public at no cost, subject to agreement to the CouponCabin Terms and Conditions. *Id.* at ¶27, 36. CouponCabin gives proper notice of its Terms and Conditions on the website. Users of the CouponCabin website signify acceptance of the terms and conditions by accessing the site. *Id.*

Under the Terms and Conditions, users are granted a limited and revocable license to access and use the CouponCabin website in accordance with the Coupon Cabin Terms and Conditions. *Id. at* ¶27-29. The license restrictions prohibit taking or otherwise using site content except as may be explicitly permitted by CouponCabin. *Id. at* ¶29-30. Users also acknowledge that all website content is the property of CouponCabin and protected

intellectual property. *Id.* The CouponCabin Terms and Conditions specifically prohibit the systematic retrieval of website content. *Id. at* ¶31.

In early fall 2013, Plaintiff "noticed a marked increase in the amount of its <u>unique content</u> appearing on a number of competing websites." *Id* ¶¶3, 22-23 (emphasis added). CouponCabin's investigation revealed a significant number of data scraping programs accessing and taking Plaintiff's unique website content. *Id.* These scraping programs "copy, retrieve or otherwise acquire data and information from the websites of others with little or no human interaction." *Id.* at 4. Plaintiff's investigation also revealed unauthorized copying and misappropriation of its Coupon Content <u>and other CouponCabin website data</u> by humans also called "manual scraping." *Id.* (emphasis added).

Defendants, since at least 2013, have engaged in manual and automatic scraping of Plaintiff's "Coupon Content <u>and other data from the CouponCabin website</u>." *See* FAC, ¶5 (emphasis added). Plaintiff's Terms and Conditions expressly prohibit these practices. *Id.* at ¶¶5-7, 27-32. "Defendants knowingly and intentionally breached this and <u>other access and use restrictions</u> in CouponCabin's Terms and Conditions, and have circumvented various technical protection barriers employed by CouponCabin. *Id.* at ¶6 (emphasis added).

CouponCabin protects the integrity and security of its network and systems. Among other things, it employs a range of technological safeguards and barriers designed to prevent data scrapers and other wrongdoers from gaining unauthorized access to CouponCabin's website. *Id.* at ¶¶33-34. In response to Defendants' unlawful activities, Plaintiff was forced to hire a third-party security company, Distil Networks, Inc. ("Distil"). Distil monitors and analyzes CouponCabin website traffic to identify unlawful access and

identify the IP addresses used by Defendants to unlawfully scrape data. *Id.* at ¶43. Distil "subsequently block[ed]" these IP addresses attempting to unlawfully access the site. *Id.* at ¶34, 39. Yet, Defendants repeatedly attempted to circumvent Plaintiff's efforts and Distil's efforts to block Defendants' unauthorized access. *Id.* at ¶¶38-42. Defendants have caused Plaintiff damage. *Id.* at ¶¶47-55. Plainly, these allegations give rise to facially plausible claims and are more than intelligible precluding both bases for Defendants' motions.

## I.    Defendants' Motion to Dismiss Must be Denied.

### A. Standard

In ruling on a Motion to Dismiss, the Court must determine if the Complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* A plaintiff's claim, however, need only be plausible, not probable. *Id. at* 556.

The Rule 12(b)(6) determination is "context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-4 (2009). Well-pleaded factual allegations should be assumed true and then examined to "determine whether they plausibly give rise to an entitlement to relief." *Id.*; *see also Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, No. 3:09-CV-302 JVB, 2010 WL 2674540, at *1 (N.D. Ind. June 29, 2010) (A court will view all well-pleaded allegations in a light most favorable to the plaintiff).

The Amended Complaint is plausible on its face because the facts as alleged permit the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Defendants' Motion to Dismiss must be denied as it requires the Court to not only ignore the facial plausibility of the FAC but to also improperly make determinations of fact. *Buschmann v. Professional Men's Ass'n*, 405 F.2d 659, 663 (7th Cir. 1969) ("[I]t is well settled that it is improper for a court to decide a question of fact on a motion to dismiss."); *see also Rayburn v. Car Credit Corp.*, 2000 U.S. Dist. LEXIS 14944, at *12 (N.D. Ill. Oct. 10, 2000) (questions of fact preclude dismissal).

**B. Defendants' Unauthorized Access of the www.couponcabin.com Website States a Claim under the Computer Fraud and Abuse Act.**

The CFAA prohibits the intentional access of a protected computer without authorization. 18 U.S.C. §1030. The statute provides for both civil and criminal penalties. Plaintiff alleges that Defendants, who are Plaintiff's competitors, violated Sections 1030 (a)(2) and (4) of the CFAA by accessing the www.couponcabin.com website without authorization. Defendants lacked authorization because it was revoked by Plaintiff.[1]

*1. The CFAA is not Limited to Hacking.*

Defendants argue the CFAA claim must be dismissed because they did not engage in "hacking." The CFAA, however, is not limited to *War Games* notions of "hacking." Indeed, Defendants cite no authority for the proposition that the CFAA only prohibits "computer hacking." Indeed, cases which have addressed the issue conclude

---

[1] Defendants argue that Plaintiff's website terms and conditions are not an enforceable contract. As discussed more fully below, the terms and conditions are an enforceable contract against Defendants, especially because each is a competitor of Plaintiff and a sophisticated business. In any event, the enforceability of the agreement is not appropriately decided on a motion to dismiss.

otherwise. *See, e.g., Craigslist Inc. v. 3Taps Inc.*, 964 F.Supp.2d 1178, 1182-83 (N.D. Cal. 2013) (Defendant's access of publicly available website after being blocked stated claim under CFAA). Regardless, the FAC is replete with instances of activity that is "hacking", as Defendants are alleged to have repeatedly bypassed Plaintiff's measures designed to bar their access. *See* FAC, ¶¶5-6, 40-45.

2. *Defendants "Use" v. "Access" Distinction is not Supported by Prevailing Authority.*

Defendants further argue that they could not have accessed the www.couponcabin.com website without authorization because it is publicly available to the ordinary consumer. At most, Defendants claim they would be guilty of unauthorized use, not access. Defendants' "use" v. "access" distinction is not well-founded. First, the cases relied upon by Defendants are not controlling authority in this District or Circuit. Second, these cases are factually distinguishable in that the plaintiff in those cases undertook <u>no</u> affirmative steps to revoke authorization and/or restrict access. Here, Plaintiff's claim is not just premised on Defendants' accessing the website in violation of the Terms and Conditions of use. The "gravamen" of the CFAA claim is that CouponCabin revoked Defendants' authorization and did restrict their access, which clearly states a claim under the CFAA. Inexplicably, Defendants fail to acknowledge the cases holding revocation or blocking of access to a public website states a claim under the CFAA. *Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir. 2011) (citations omitted) (The "ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless.").

Like the Defendants here, the Defendant in *Craigslist Inc. v. 3Taps Inc.* argued that by making the classified ads on its website publicly available, Craigslist had

authorized "the world", including the Defendant, to access the www.craigslist.org website. While the Court agreed this makes sense, it went on to say that it did not "answer the question here, which is whether Craigslist had the power to revoke, on a case-by-case basis, the general permission it granted to the public to access the information on its website." *Id.* at 1182. (Noting that Congress restricted certain provisions of the CFAA to non-public information but did not so limit the reach of § 1030(a)(2) and (4)). There, the Court found that once access had been restricted or revoked by Craigslist, Defendant's continued attempts to access were unauthorized, stating a claim under the CFAA. *Id.; see also, Facebook, Inc. v. Grunin*, 77 F.Supp.3d 965, 973 (N.D. Cal. 2015) (Granting default and finding Facebook alleged claim under CFAA where Defendant continued to access Facebook after it "implemented a complete access restriction by sending [Defendant] two cease-and-desist letters and by taking technical measures to block his access.").

In *EF Cultural Travel BV v. Zefer Corporation*, the First Circuit rejected a "'presumption' of open access to Internet information." 318 F.3d 58, 63 (1st Cir. 2003). The court noted that "[t]he CFAA, after all, is primarily a statute imposing limits on access and enhancing control by information providers," such as an Internet website. *Id.* In upholding Plaintiff's CFAA claim, the court in *eBay v. Digital Point Solutions* rejected the argument that access to the eBay website is authorized because "eBay is a public website that may be accessed by anyone." 608 F.Supp.2d 1156, 1164 (N.D. Cal. 2009); *see also Weingand v. Harland Fin. Solutions, Inc.*, No. C-11-3109 EMC, 2012 WL 2327660, at *3 (N.D. Cal. June 19, 2012) (A Plaintiff "need not engage in ... rigorous technological measures to block someone from accessing files in order to limit their 'authorization'"

under the CFAA); *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.Supp.2d 1025, 1038 (N.D. Cal. 2012) (circumventing "technical or code-based barriers in place to restrict or bar a user's access," is access "without permission."). Here, Plaintiff alleges facts sufficient to show that access as alleged in the Complaint gives rise to liability under the CFAA.

### 3. Defendants' Cases Are Distinguishable.

Each of the cases relied upon by Defendants is factually distinguishable. In *Cvent*, the court merely concluded that access in violation of the terms of use alone were insufficient to make Defendants' scraping unauthorized access under the CFAA because Cvent "takes no affirmative steps" to block access. *Cvent, Inc. v. Eventbrite, Inc.*, 739 F.Supp.2d 927, 932-3 (E.D. Va. 2010) (noting that "the entire world was given unimpeded access" to Cvent's computers). Likewise, *Koch Indus., Inc.* involved no allegations that Defendants were blocked or impeded from accessing Koch's computers. *Koch Indus., Inc. v. Does, 1—25*, No. 2:10-CV-1275-DAK, 2011 WL 1775765, at *8 (D. Utah May 9, 2011). And, in *CollegeSource* (a summary judgment case), there was no evidence of a firewall breach or "unusually large downloads of CollegeSource data." *CollegeSource, Inc. v. AcademyOne, Inc.*, No. 10-3542, 2012 WL 5269213, at *5 (E.D. Pa. Oct. 25, 2012) *aff'd*, 597 F. App'x 116 (3d Cir. 2015). Here, Plaintiff used multiple methods to block and impede access by Defendants, including internal blocking, blocking by Distil and sending cease and desist letters. *See* FAC ¶¶6, 36-45, and 74. As such, even Defendants' cases support the conclusion that Plaintiff states a claim under the CFAA.

**C. Plaintiff Alleges a Claim under the Digital Millennium Copyright Act.**

Next, Defendant argues for dismissal of Count II for the Amended Complaint for violation of the DMCA, 17 U.S.C. §1201 *et seq.* Again, Defendants ignore or misstate factual allegations establishing a claim under the DMCA. Defendants focus on only a smattering of the allegations and essentially argue for summary judgment before any discovery has been taken. Indeed, every supporting case cited by Defendants involves either a summary judgment motion or a preliminary injunction motion.

*1. The DMCA does not Impose a "Nexus" Requirement.*

Section 1201(a)(1) of the DMCA makes it unlawful to circumvent a technological measure that controls access to a copyrighted work. At the pleading stage, courts are only concerned with whether a Plaintiff has alleged "circumvention of digital walls guarding copyrighted material." *See Navistar, Inc. v. New Baltimore Garage, Inc.*, No. 11-CV-6269, 2012 WL 4338816, at *4 (N.D. Ill. Sept. 20, 2012) (quoting *I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.*, 307 F.Supp.2d 521, 532 (S.D.N.Y. 2004); *see also Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, No. 11 C 5177, 2012 WL 414803, at *6 (N.D. Ill. Feb. 8, 2012) (recognizing DMCA allows claims for circumventing technological measures used by copyright owners to protect their works but making no mention of the nexus requirement); *DIRECTV, Inc. v. Ferguson*, 328 F.Supp.2d 904, 910-11 (N.D. Ind. 2004) (Liability of resellers of products which intercept DirecTV signals under Section 1201(a)(2) involved issues of fact precluding summary judgment).

Relying on *Chamberlain Grp., Inc. v. Skylink Techs, Inc.,* 381 F.3d 1178, 1203 (Fed. Cir. 2004) and *Agfa Monotype Corp. v. Adobe Sys.,* 404 F.Supp.2d 1030, 1034-5 (N.D. Ill. 2005), neither of which are controlling authority, Defendants argue that the

Plaintiff's DMCA claim fails because it cannot establish a "nexus" between the circumvention and a right protected by the Copyright Act. As Defendants acknowledge, there is a split in the Circuits on this issue which has not been decided in the Seventh Circuit. *See* Defendants' Motion, p. 10, Fn. 6 (citing *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 948 (9th Cir. 2010) (nexus between circumvention and infringement is not necessary to establish a DMCA claim).

Defendants miss the point. *Chamberlain, Agfa* and even *MDY Indus.* were all decided on summary judgment. Indeed, all of Defendants supporting authority involved findings of fact. *Nordstrom Consulting, Inc. v. M&S Techs., Inc.*, No. 06 C 3234, 2008 WL 623660 (N.D. Ill. Mar. 4, 2008) (summary judgment); *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307 (Fed. Cir. 2005) (preliminary injunction); *see also Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 435 (2d Cir. 2001) (preliminary injunction). At this stage all that is required is an allegation that the Defendants circumvented digital or technological measures guarding Plaintiff's copyrighted material.

Although "proving" or "demonstrating" a direct nexus between Plaintiff's copyrighted material and the circumvention activity is not the law of this Circuit, the allegations of the Amended Complaint do allege a nexus. Defendants simply chose to ignore these allegations. Specifically, Plaintiff alleges copying of not just the Coupon Content but of the copyrighted www.couponcabin.com website, including Plaintiff's "unique content" and "other CouponCabin website data." *See* FAC, ¶¶1, 3-4, 18, 22-24.

(emphasis added).  So, even if this Court were to apply the "nexus" standard, Plaintiff met its burden of pleading.[2]

### 2. Whether Plaintiff Controlled Defendants' Access under the DMCA is a Question of Fact.

Similarly, Defendants argue that Plaintiff's DMCA claim fails because Plaintiff does not show its technological blocking measures, which Defendants circumvented or tried to circumvent, "effectively controlled access." Remarkably, Defendants again argue that Plaintiff alleges no attempts to block their access to the site. This is false and misrepresents the allegations, as Plaintiff clearly alleges it repeatedly instituted technological measures to bar Defendants' access, including by its vendor Distil. *See* FAC, ¶¶6-7; 36-45.  Specifically, in the FAC, Plaintiff alleges:

> The Defendants knowingly and intentionally breached this and other access and use restrictions in CouponCabin's Terms and Conditions, and have circumvented various technical protection barriers employed by CouponCabin. *Id.* at ¶6.

> CouponCabin has implemented technical barriers and other measures to protect against the wrongful acts of the Defendants, but the effectiveness of such measures is imperfect. *Id.* at ¶7.

> CouponCabin engaged Distil to help detect and protect against scraping activity and, when necessary, block traffic from accessioning the CouponCabin website. *Id.* at ¶39.

Moreover, simply because the www.couponcabin.com website is available to the general public does not render the DMCA claim void as to these Defendants.

---

[2] In footnote 5 of Defendants' Motion, they argue, without support, that Plaintiff does not allege a claim under Section 1201(a)(2) of the DMCA. Defendants are wrong.  This section prohibits the manufacture, import, offer, provision or trafficking in of technology designed to circumvent technological measures controlling access to copyrighted works.  Clearly, paragraphs 3, 4, 40, 44, 65 of the FAC state facts supporting a claim for violation of this section as well.

Defendants' sole authority, (again, a non-precedential summary judgment case) does not counsel otherwise. In *Lexmark Int'l,* the issue was whether Plaintiff instituted technological measures to bar the Defendant's access. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 547 (6th Cir. 2004). It did not. There, the whole world was free to copy the material. Here, the proverbial front door and back door to the www.couponcabin.com website were locked as to these Defendants.

Defendants appear to argue that the technological measures implemented by Defendants, whether through Distil or otherwise, did not block access to copyrighted materials under the DMCA because they were able, at times, to circumvent them. "[T]he efficacy of the technological protection measure is not at issue in § 1201(a). In other words, for a technological protection measure to qualify for § 1201(a), a copyright holder need not create a very good digital lock; he must only create a digital lock that a would be intruder would need to encounter and circumvent in order to access the guarded copyrighted material." *See* Theresa M. Troupson, Note, *Yes, It's Illegal to Cheat a Paywall: Access Rights and the DMCA's Anticircumvention Provision*, 90 N.Y.U. L. Rev. 325, 331-335 (2015).

### D. Plaintiff's Terms and Conditions are Enforceable as to Defendants.[3]

Plaintiff alleges breach of its user agreement (Count III) which appears via a link at the bottom of the www.couponcabin.com landing page. *See* FAC, ¶¶27-32. Users

---

[3] Since this Court has jurisdiction under the DMCA and CFAA, there is no need to address Defendants' supplemental jurisdiction argument. In the event the Court were to dismiss the federal claims, dismissal of the state law claims without prejudice is counseled by Seventh Circuit case law. *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 285 (7th Cir. 2007) (dismissal of pendent state law claims should be without prejudice at early stages of a case).

agree to the website terms and conditions by accessing the website. *Id.* This type of website user agreement is often referred to as a "browse-wrap agreement." Defendants argue for dismissal of the breach of contract claim because they could not have assented to this browse-wrap agreement. Questions of mutual assent though cannot be decided at this stage. What's more, browse-wrap agreements are not *per se* unenforceable.

Indiana law governs the agreement. Under Indiana law, a Plaintiff states a claim for breach of contract by alleging (1) the existence of a contract, (2) the defendant's breach thereof, and (3) damages. *Peterson v. Culver Educational Foundation*, 402 N.E.2d 448, 461 (Ind. App. 1980); *Ramirez v. State Farm Mut. Auto. Ins. Co.*, No. 2:15-CV-449-PRC, 2016 WL 204490, at *2 (N.D. Ind. Jan. 15, 2016). In the FAC, Plaintiff alleges the existence of a contract (¶¶5-7, 27-31), agreement to the terms by Defendants (¶¶5-7, 27-28), breach of those terms (¶5-7, 29-32) and resulting damages (¶¶7, 46-55). Plaintiff has alleged a valid claim for breach of contract.

   1. *Browse-Wrap Agreements are Enforceable as a Matter of Law.*

Defendants argue that the link to the Plaintiff's user agreement is at the bottom of the landing page to the website and, thus, they did not have notice of the agreement and could not assent to the terms and conditions. Questions of mutual assent, however, are questions of fact that cannot be decided on a motion to dismiss. *Pollstar v. Gigmania, Ltd.*, 170 F.Supp.2d 974, 980-2 (E.D. Cal. 2000) (breach of contract claim not barred simply because the user is not immediately confronted with the notice of the license agreement); *Southwest Airlines Co. v. Farechase, Inc.*, 318 F.Supp.2d 435, 441 (N.D. Tex. 2004) (finding issue of browse-wrap agreement's enforceability an issue of fact the court could not determine at the motion to dismiss stage); *Southwest Airlines Co. v. T,*

*LLC,* No. 3:06–cv–0891, 2007 WL 4823761, at *5 (N.D. Tex. Sept, 12, 2007) (holding browse-wrap agreements enforceable upon a showing that the defendant had actual or constructive knowledge of the terms and conditions).

Although Defendants raise a question of fact, it should be noted that Courts routinely enforce browse-wrap agreements. *See, e.g., Ticketmaster L.L.C. v. RMG Technologies, Inc.,* 507 F.Supp.2d 1096, 1107 (C.D. Cal. 2007); *Fteja v. Facebook, Inc.,* 841 F.Supp.2d 829, 836 (S.D.N.Y. 2012); *Cairo, Inc. v. Crossmedia Servs., Inc.,* No. C 04–04825, 2005 WL 766610, at *5 (N.D. Cal. Apr. 1, 2005); *Ticketmaster Corp. v. Tickets.com, Inc.,* No. CV 997654, 2003 WL 21406289, at *2 (C.D. Cal. Mar. 7, 2003). A key factor in deciding to enforce a browse-wrap agreement is often the status of the user, and courts will enforce such agreement as to users which are businesses (as opposed to consumers), especially competitors of Plaintiff. *See* Mark. A Lemley, *Terms of Use,* 91 Minn. L.Rev. 459, 472 (2006) ("An examination of the cases that have considered browsewraps in the last five years demonstrates that the courts have been willing to enforce terms of use against corporations, but have not been willing to do so against individuals.").

At most, Defendants raise a question of fact. Defendants' claim of lack of notice of the terms and conditions, however, is just not plausible. They are alleged to have repeatedly visited the website even after being blocked and being sent cease and desist letters. Defendants are also sophisticated business competitors of Plaintiff and operate their own websites, all of which have terms of use.

## II. Defendants' Motion for More Definite Statement is Unnecessary and a Transparent Attempt to Delay.

### A. Standard

Rule 12(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is <u>so vague or ambiguous that the party cannot reasonably prepare a response</u>. (emphasis added).

Fed.R.Civ.P. 12(e).  In considering whether to grant a Rule 12(e) motion, the Court's inquiry is guided by the federal pleading requirements set out in Rule 8(a) which holds that a Complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2).  In light of this liberal pleading standard, motions for more definite statement are particularly disfavored <u>except</u> where the "pleading is so unintelligible that the movant cannot draft a responsive pleading." *Dick Corp. v. SNC-Lavalin Constructors, Inc.,* 2004 WL 2967556, 12 (N.D. Ill.) (quoting *United States for Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.,* 664 F.Supp. 298, 303 (N.D. Ill. 1987)).  Rule 12(e) motions are not a substitute for discovery and are disfavored. *Nikolic v. St. Catherine Hosp.,* No. 2:10-CV-406, 2011 WL 4537911, *6 (N.D. Ind. Sept. 28, 2011) (Rule 12(e) motions are disfavored); *Branson v. St. Elizabeth Sch. of Nursing,* 4:15–CV–87–TLS–PRC, 2015 WL 7460144, at *1 (N.D. Ind. Nov. 24, 2015) (same). Because Defendants can plainly admit or deny the pleadings, the motion for more definite statement must be denied.

> *1. Aggregation of Allegations does not render the Pleading so vague or ambiguous that the party cannot reasonably prepare a response.*

Defendants claim that the FAC improperly aggregates the allegations against all defendants and, thus, they cannot possibly form a response. One queries how

Defendants can formulate such factually intensive arguments on the motion to dismiss yet claim to be incapable of responding to the FAC. In any event, the FAC need not lay out each instance of wrong-doing with specificity. Rather, the requirements of pleading under the Federal Rules are "liberal," and a litigant need not "allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

Defendants' reliance on *Parker* is also misplaced. In *Parker*, there were no factual allegations regarding whether the Plaintiffs were exposed to *each* individual Defendant's beryllium-containing products, nor were there any allegations regarding the approximate times (*i.e.,* approximate date ranges) of alleged beryllium exposure. *Parker v. Brush Wellman, Inc.*, 377 F.Supp.2d 1290, 1295 (N.D. Ga. 2005) *aff'd sub nom. Parker v. Wellman*, 230 F.App'x 878 (11th Cir. 2007). Here, Plaintiff has alleged Defendants' conduct with specificity: Defendants' scraped data from Plaintiff's website without authorization since at least as early as the Autumn of 2013 and continued to do so even after they were blocked, damaging Plaintiff thereby. Therefore, the FAC clearly specifies the Defendants' mutual data scraping activities during a specific time period.

2. *The FAC is not a "Shot-Gun" Pleading.*

Contrary to Defendants claims, Plaintiff is not required to "plead law or match facts to every element of a legal theory in its complaint." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000). Defendant's citation to *CustomGuide* offers no succor. In *CustomGuide*, Plaintiff's pleading made it impossible to know which factual allegations were intended to support the misappropriation claim. *CustomGuide v. CareerBuilder, LLC*, 813 F.Supp.2d 990, 1001 (N.D. Ill. 2011). Here, Plaintiff's facts sufficiently tie its

allegations to each of its claims for relief. *Adams Street Joint Venture v. Harte*, 231 F.Supp.2d 759, 763 (N.D. Ill. 2002) (Allegations sufficient where common nucleus of operative facts alleged). Further, Plaintiff's allegations put defendants on notice of its claims and the general factual allegations supporting each of those claims. *Atwater v. Nat'l Football League Players Ass'n, No.* 1:06CV1510 JEC, 2007 WL 1020848, at *11 (N.D. Ga. Mar. 29, 2007); *Garza v. Chicago Health Clubs, Inc.,* 329 F.Supp. 936, 942 (N.D. Ill. 1971) (A plaintiff is not required to set out all of the details of his claim as such details "are available to the defendant through the utilization of ... pretrial discovery techniques."); *see also George v. Kraft Foods Global, Inc.,* Case No. 06-cv-798-DRH, 2007 WL 853998, at *2 (S.D. Ill. Mar. 16, 2007) (motions for more definite statement are not a substitute for obtaining factual details through the normal discovery process).

   3. *Allegations Made Upon Information and Belief are Appropriate*

   Defendants argue that allegations based exclusively on information and belief are insufficient unless the facts are inaccessible to the pleader, and there is a reasonable basis to suspect the facts are true. *Maclean-Fogg Co. v. Edge Composites, L.L.C.,* No. 08 C 6367, 2009 WL 1010426 (N.D. Ill. Apr. 14, 2009). Once again, Defendant's authority is lacking relevance to this case. In *Maclean-Fogg Co.*, the court <u>dismissed</u> the plaintiff's ITSA and other claims for failing to identify the trade secret on which the suit was based. *Id.* (emphasis added). Here, Plaintiff's FAC provides substantial factual enhancement for its CFAA and DMCA claims and do not exclusively rely on "information and belief."

   The question on a motion for more definite statement is not lack of detail but "<u>unintelligibility</u>." *Jones v. Dave Miller Buick*, No. 98-C-5666, 1999 WL 116217, at *1 (N.D. Ill. Mar. 2, 1999). Where the complaint is sufficiently definite to enable the defendants to

know what is charged, it is sufficiently definite to overcome a Rule 12(e) motion. *Beesley v. Int'l Paper Co., No.* 06-703-DRH, 2009 WL 260782, at *1 (S.D. Ill. Feb. 4, 2009). Simply put, the FAC is not so unintelligible that Defendants cannot frame an answer requiring that the motion be dismissed. *Beesley v. Int'l Paper Co.*, No. 06-703-DRH, 2009 WL 260782, at *3 (S.D. Ill. Feb. 4, 2009); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1376 (3d ed. 1998 & Supp. 2007) (collecting cases) (Since the theoretical overall scheme of the federal rules calls for <u>relatively skeletal pleadings and places the burden of unearthing the underlying factual details on the discovery process</u>, ... federal courts have been properly desirous of avoiding any possibility that the permissive allowance of Rule 12(e) motions seeking detailed factual averments will shift the burden of fact elicitation from the discovery phase back to the pleadings, with a resulting delay in joinder of issue and resolution of the merits.") (emphasis added). Accordingly, the Defendants' requests for dismissal and/or a more definite statement should be denied.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Dismiss and Motion for More Definite Statement be denied.

Dated: February 8, 2016

COUPONCABIN LLC

By: /s/Jeremy W. Willett

Jeremy W. Willet (25872-45)
O'Neill McFadden & Willett LLP
833 West Lincoln Highway, Ste. 410W
Schererville, IN 46375
Tel: 219.322.0450
Fax: 219.322.0455

*Of Counsel*
Joseph V. Norvell (admission pending)
Alice A. Kelly (admission pending)
Christine Filarski
NORVELL IP LLC
1776 Ash Street
Northfield, Illinois 60093
Telephone: (888) 315-0732
Facsimile: (312) 268-5063
officeactions@norvellip.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 8th day of February, 2016 the foregoing pleading was filed electronically. Notice of this filing will be sent to the following party by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Jeremy W. Willett
Jeremy W. Willett (25872-45)

Matthew S. Koller
InfoLawGroup LLP
1500 Rosecrans Avenue, Ste. 500
Manhattan Beach, CA 90266
310-706-4121
310-706-4007 fax
skoller@infolawgroup.com

Wendy Evelyn Giberti, Esq.
General Counsel, P.C.
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212

James E. Stoltz
Stoltz Law Office
123 NW Fourth Street, Suite 210
Evansville, IN 47708
Phone: (812) 434-6718
jstoltz@stoltzlawoffice.com

Andrew R. Cahill
Michael E. Pappas
Lesinic Prince & Pappas LLP
315 W 9th Street, Suite 705
Los Angeles, 90015
Acahill@lesnickprince.com
mpappas@lesnickprince.com

Larry G. Evans
Andrew T. Shupp
Hoeppner Wagner & Evans
103 E. Lincolnway
Valparaiso, IN 46383
levans@hwelaw.com
ashupp@hwelaw.com

Joel Bush
Akash R. Desai
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
adesai@kilpatricktownsend.com
jbush@kilpatricktownsend.com

Michael V. Knight
Barnes & Thornburg LLP
700 1st Source Bank Center
100 N. Michigan Street
South Bend, IN 46601
Michael.knight@btlaw.com

Davis S. Elkins
Joseph P. Grasser
Squire Patton Boggs LLP
600 Hansen Way
Palo Alto, CA 94304
David.elkins@squirepb.com
Joseph.grasser@squirepb.com

Jack J. Carriglio
James G. Argionis
Katherine C. O'Malley
Cozen O'Conner PC
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Jcarriglio@cozen.com
jargionis@cozen.com
komalley@cozen.com