**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| COUPONCABIN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-39-TLS-PRC |
| | ) | |
| SAVINGS.COM, INC., COX TARGET | ) | |
| MEDIA, INC., LINFIELD MEDIA, LLC, | ) | |
| INTERNET BRANDS, INC., SAZZE, INC. | ) | |
| d/b/a DEALSPLUS, and | ) | |
| Does 1 through 10, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| SAZZE, INC. d/b/a DEALSPLUS, | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUPONCABIN LLC, | ) | |
| Counterclaim Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on (1) a Motion to Seal Sazze, Inc.'s Counterclaim [DE 92], filed by Defendant and Counterclaimant Sazze, Inc. d/b/a DealsPlus ("Sazze") on July 7, 2016; (2) a Motion for Leave to File Sealed Documents: CouponCabin's Answer and Associated Motion to Sazze's Counterclaim [DE 98], filed by Plaintiff and Counterclaim Defendant CouponCabin LLC ("CouponCabin") on July 28, 2016; (3) a Motion to Seal Sazze, Inc. d/b/a DealsPlus' Opposition to Counterclaim Defendant CouponCabin, LLC's Motion to Sever and Transfer Sazze, Inc.'s Counterclaim and Declaration of Greg Kim in Support Thereof [DE 103], filed by Sazze on August 15, 2016; and (4) a Motion for Leave to File Sealed Documents [DE 110], filed by CouponCabin on August 22, 2016. No responses were filed to any of the motions.

In the motion at docket entry 92, Sazze moves, pursuant to Local Rule 5-3, for leave of court to file its Answer to CouponCabin's Complaint and its Counterclaim under seal. In its Counterclaim, Sazze alleges that CouponCabin breached the parties' Content Sharing Agreement. The Content Sharing Agreement contains certain confidentiality terms that require the parties to that agreement to maintain the confidentiality of, among other things, the terms of the Content Sharing Agreement. As a result, Sazze asserts that it may not make the terms of the agreement public by filing the contract in open court. Sazze's Counterclaim extensively quotes from and/or paraphrases the terms of the Content Sharing Agreement. Sazze attached a copy of the Content Sharing Agreement as an exhibit to the Counterclaim.

In its motion, Sazze represents that it does not currently believe that the Content Sharing Agreement should be sealed; Sazze offers no basis for this belief. Nevertheless, because Sazze believes that the terms of the Content Sharing Agreement ostensibly require Sazze to maintain the confidentiality of the terms of the agreement, Sazze filed the motion. In the motion, Sazze invites CouponCabin to provide the Court with justification that the general presumption of the openness of court proceedings is overcome because "the property and privacy interests of the litigants . . . predominate in th[is] particular case." (EDF 92, p. 2 (quoting *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)). CouponCabin did not file a response.

Instead, three weeks later, CouponCabin filed its own motion, at docket entry 98, asking the Court for leave to file under seal its Answer to Sazze's Counterclaim and to file under seal its Motion to Sever and Transfer or Dismiss Defendant Sazze, Inc.'s Counterclaim. In its own motion, CouponCabin asks the Court to maintain the confidentiality of the Content Sharing Agreement. However, CouponCabin does not cite *Citizens First* or any case law and offers no justification for

maintaining these filings under seal other than the parties' agreement in the Content Sharing Agreement. CouponCabin simply states that it "believes the terms of the Agreement require the parties to maintain confidentiality." (ECF 98, ¶ 5). CouponCabin also incorrectly represents that Sazze desires to maintain the confidentiality of the agreement. *Id.* at ¶ 3.

In keeping with its original motion, Sazze moves the court, at docket entry 103, for leave to file under seal its opposition to CouponCabin's Motion to Sever and Transfer or Dismiss Defendant Sazze, Inc.'s Counterclaim. Sazze again states that it "does not currently believe that the Content Sharing Agreement or information related thereto ought to be sealed, the terms of the Content Sharing Agreement ostensibly require Sazze to take steps to maintain the confidentiality of this information." (ECF 103, ¶ 5). Sazze again invites CouponCabin to justify keeping the Content Sharing Agreement and related pleadings under seal. CouponCabin again did not respond.

Finally, CouponCabin, at docket entry 110, asks the Court for leave to file under seal its reply in support of its Motion to Sever and Transfer or Dismiss Defendant Sazze, Inc.'s Counterclaim. CouponCabin again cites no law or justification for maintaining any aspect of this litigation under seal.

The general presumption is that judicial records are public, but this can be overridden when "the property and privacy interests of the litigants . . . predominate in the particular case" such that "there is good cause for sealing a part or the whole of the record." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The bar is quite high: "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945; *see also*, *Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). "The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal." *Citizens First*, 178 F.3d at 945. Notwithstanding an agreement of parties to seal documents, the decision of whether good cause exists to file a document under seal rests solely with the Court. *Id*.

Good cause may exist if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information, including documents covered by the attorney-client privilege, and other non-public financial and business information. *See Baxter Int'l*, 297 F.3d at 546; *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV01221, 2008 WL 4722336, at *9-10 (E.D. Wis. Oct. 24, 2008). Trade secrets are defined as any information that derives economic and competitive value from not generally being known and is subjected to reasonable efforts to maintain its secrecy. *See Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 247-48 (S.D. Ind. 2001).

In this instance, CouponCabin has offered no analysis of why the Content Sharing Agreement or the related pleadings should be sealed from the public in this litigation despite longstanding Seventh Circuit Court of Appeals precedent on the issue as well as an invitation by Sazze in both of its motions to seal to provide such a justification. In addition, the confidentiality clause of the Content Sharing Agreement expired on July 9, 2016, just two days after Sazze's Answer and Counterclaim were filed. The contract was entered into on July 10, 2010. *See* (ECF 93, Ex. A, 1). The term of the contract was twelve months, resulting in an end of July 9, 2011. *Id*. at ¶ 5.a. The "Confidential

Information" provision provides: "During the Term and for five (5) years thereafter, each party . . . shall retain in strict confidence the terms of this Agreement and all other non-public information and know-how of the other party . . . ." *Id*. at ¶ 7.a. Based on the contract terms, the confidentiality clause ended on July 9, 2016. Thus, CouponCabin would be hard pressed to offer a basis for a finding of good cause to maintain the Content Sharing Agreement and other related information confidential at this point in the litigation.

Accordingly, the Court hereby **DENIES** (1) the Motion to Seal Sazze, Inc.'s Counterclaim [DE 92]; (2) the Motion for Leave to File Sealed Documents: CouponCabin's Answer and Associated Motion to Sazze's Counterclaim [DE 98]; (3) the Motion to Seal Sazze, Inc. d/b/a DealsPlus' Opposition to Counterclaim Defendant CouponCabin, LLC's Motion to Sever and Transfer Sazze, Inc.'s Counterclaim and Declaration of Greg Kim in Support Thereof [DE 103]; and (4) the Motion for Leave to File Sealed Documents [DE 110].

The Court **DIRECTS** the Clerk of Court to **UNSEAL** docket entries 93, 99, 100, 101, 104, and 111.

SO ORDERED this 3rd day of October, 2016.

              s/ Paul R. Cherry
              MAGISTRATE JUDGE PAUL R. CHERRY
              UNITED STATES DISTRICT COURT