# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| COUPONCABIN LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO.: 2:14-CV-39-TLS |
| | ) |
| SAVINGS.COM, INC., COX TARGET MEDIA, INC., LINFIELD MEDIA, LLC, INTERNET BRANDS, INC., SAZZE, INC. d/b/a DEALSPLUS, and Does 1 through 10, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |
| | ) |
| SAZZE, INC. d/b/a DEALSPLUS, | ) |
| | ) |
|     Counterclaimant, | ) |
| | ) |
|     v. | ) |
| | ) |
| COUPONCABIN LLC, | ) |
| | ) |
|     Counterclaim Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court sua sponte. The Court must continuously police its subject-matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Counterclaimant alleges that the Court's original subject-matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In this case, the parties dispute whether the amount in controversy exceeds $75,000.

As for diversity of citizenship, the Counterclaimant is a corporation and the Counterclaim Defendant is a limited liability company. A limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, the counterclaimant must also plead the citizenship of those members as of the date the counterclaim was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). A corporation, however, is deemed to be a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Counterclaimant Sazze, Inc., invoked this Court's diversity jurisdiction by filing an Indiana state law claim in its federal court Counterclaim. As the party seeking federal jurisdiction, Sazze, Inc., has the burden of establishing that subject-matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009).

There is insufficient information for the Court to determine the citizenship of Counterclaim Defendant CouponCabin LLC, which is necessary to determine whether this Counterclaim properly invokes this Court's diversity jurisdiction. 28 U.S.C. § 1332. The Counterclaim Defendant "is a Delaware limited liability company and . . . its principal place of business is in Whiting, Indiana." (Counterclaim ¶ 10, ECF No. 93.) This description is

insufficient for the Court to confirm diversity of citizenship. "Limited liability companies are unincorporated entities, and, for diversity purposes, 'limited liability companies are citizens of every state of which any member is a citizen.'" *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004). The Counterclaimant has not identified the members of CouponCabin LLC, which is necessary to confirm that diversity of citizenship exists over the Counterclaim. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

The Court will also highlight that it is not the residency of an individual or a limited liability company that matters, but rather the citizenship of the individual or limited liability company. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam). An individual's citizenship depends on his or her domicile. *See id.* Domicile is the place one intends to remain. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). As noted above, the citizenship of a limited liability company is the citizenship of each of its members, which in turn may be another limited liability company, an individual, or a corporation.

Therefore, the Court **ORDERS** Counterclaimant Sazze, Inc., to submit, on or before, November 15, 2016, a jurisdictional statement and supporting brief providing:

(1) the members of CouponCabin LLC; and

(2) the citizenship of the members of CouponCabin LLC.


SO ORDERED on October 17, 2016.

       s/ Theresa L. Springmann
      THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT
      FORT WAYNE DIVISION