UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| COUPONCABIN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-39-TLS |
| | ) | |
| SAVINGS.COM, INC., COX TARGET MEDIA, INC., LINFIELD MEDIA, LLC, INTERNET BRANDS, INC., SAZZE, INC. d/b/a DEALSPLUS, and Does 1 through 10, | ) | |
| | ) | |
| Defendants. | ) | |
| ──────────────────────────── | ) | |
| | ) | |
| SAZZE, INC. d/b/a DEALSPLUS, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUPONCABIN LLC, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff CouponCabin LLC's Motion to Sever and Transfer Venue or, in the Alternative, Dismiss [ECF No. 99] Defendant Sazze, Inc.'s Counterclaim. The Plaintiff filed its Motion to Sever, pursuant to Federal Rule of Civil Procedure 21, and Transfer Venue, pursuant to 28 U.S.C. § 1404(a), or, in the alternative, Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on July 28, 2016. The Defendant filed its Opposition [ECF No. 104] on August 15, 2016. The Plaintiff's Reply [ECF No. 111] was filed on August 22, 2016. On October 17, 2016, the Court sua sponte issued an Order [ECF No. 120] for supplemental briefing as to jurisdiction. In response to that Order, the Defendant

entered its Jurisdictional Statement [ECF No. 125] on November 15, 2016. For the reasons stated below, the Court grants the Plaintiff's Motion and dismisses the Defendant's Counterclaim for lack of subject-matter jurisdiction.

**BACKGROUND**

The Plaintiff is a Delaware limited liability company with offices in Whiting, Indiana, that "focuse[s] on providing Coupon Content over the Internet." (First Amend. Compl. ¶¶ 10, 18, ECF No. 28.) The Defendant is a California corporation (*Id.* ¶ 14), which "operates an eCommerce marketplace that provides internet retail services" (Counterclaim ¶ 1, ECF No. 93). "In 2010, [the parties] entered into a contract through which [the Plaintiff] obtained the right to access and use the [Defendant's] Content in consideration for [the Plaintiff's] payments equal to 35% of its net revenue for transactions involving [the Defendant's] Content."[1] (*Id.* ¶ 4.) As part of their agreement, the Defendant provided the Plaintiff with an XML feed that included a "login, refcode and a password," in order to access the Defendant's online content. (*Id.* Ex. A ¶ 2(b)(iii).) From August 2010 to May 2011, the Plaintiff's "commission payments totaled nearly $29,000," but they "steeply declined in April and May 2011." (*Id.* ¶ 23.)

The Plaintiff first filed a Complaint [ECF No. 1] against the Defendant and other parties on February 7, 2014, which was amended on November 2, 2015. The Amended Complaint [ECF No. 28] alleges that the Defendant and others "scraped" the Plaintiff's websites, which means to "electronically copy, retrieve or otherwise acquire data and information from the websites of others with little or no human interaction." (First Amend. Compl. ¶ 4.) This "scraping" allegedly violated the federal Computer Fraud and Abuse Act and the Digital Millennium Copyright Act

---

[1] The Defendant alleges that in February 2011, the parties "agreed orally and in writing" to increase the Plaintiff's obligation to "55% of its net revenue." (Counterclaim ¶ 20.)

(*Id.* ¶¶ 56–67), and was also a breach of contract, trespass, and interference with prospective business advantage, (*Id.* ¶¶ 68–92). In the Defendant's Counterclaim [ECF No. 93] filed on July 7, 2016, the Defendant alleged a breach of contract claim because the Plaintiff continued to use the Defendant's XML feed without making the commission payments from 2011 onward. (*Id.* ¶ 25.)

## STANDARD OF REVIEW

Rule 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003).

## ANALYSIS

The Plaintiff argues that the Defendant's Counterclaim should be severed, because it is unrelated to the Amended Complaint, and transferred pursuant to 28 U.S.C. § 1404(a) because the Counterclaim is based on a breach of contract that includes a forum-selection clause. In the alternative, the Plaintiff argues that this Court lacks subject-matter jurisdiction over the Counterclaim because it does not satisfy the amount in controversy under 28 U.S.C. § 1332(a). The Defendant opposes severance and transfer by arguing that the Counterclaim is sufficiently related to the Amended Complaint and transfer would prejudice the parties, in addition to arguing that subject-matter jurisdiction is proper.

The Court has "an independent obligation to be sure that jurisdiction exists," *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514 (7th Cir. 2006), and the parties may not simply stipulate to jurisdiction, *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). As the Defendant's Counterclaim is premised on breach of contract, it does not properly invoke federal question jurisdiction under 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1332(a)(1), the district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Further, "[§] 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016). A corporation is the citizen of every state in which "it has been incorporated" and "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Limited liability companies are *unincorporated* entities, and, for diversity purposes, 'limited liability companies are citizens of every state of which any member is a citizen.'" *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004).

Here, the Plaintiff asserts that "it is clear [Defendant] cannot allege damages in excess of $75,000." (Mot. Transfer/Dismiss 9, ECF No. 99.) The Defendant argues in its Opposition that the Plaintiff "has failed to pay [Defendant] at least $168,200" but it "will need to undertake discovery to determine the precise amount of damages." (Opp'n Mot. Transfer/Dismiss 9, ECF No. 104.) It appears from this dispute that it is not "legally certain that the recovery . . . will be less than the jurisdictional floor," *Meridian Sec. Ins. Co. v. Sadowski* 441 F.3d 536, 543 (7th Cir. 2006), and thus the amount in controversy is satisfied.

But diversity of citizenship is problematic. The Defendant is a California corporation, which means for purposes of diversity of citizenship that it is a California citizen. As noted in the Jurisdictional Statement, the Plaintiff is a Delaware limited liability company whose "sole member is CouponCabin Holdings LLC, also a Delaware limited liability company." (Jurisdictional Statement 2, ECF No. 125.) CouponCabin Holdings LLC has members including, as relevant here, a "Delaware limited partnership." (*Id.*) The general partner of that Delaware limited partnership is another Delaware limited liability company with three individual members, "all of whom are residents and citizens of the State of California." (*Id.*) Diagraming this business structure makes clear that the Plaintiff is a California citizen. As both the Plaintiff and the Defendant are citizens of California, there is no diversity of citizenship as between the parties.

Accordingly, the Court lacks subject-matter jurisdiction over the Counterclaim premised under § 1332. The Court "must proceed no further" once it has determined that it lacks subject-matter jurisdiction. *Illinois*, 137 F.3d at 478. As such, the Court refuses to consider the Defendant's alternative theories in its Motion and dismisses the Defendant's Counterclaim for want of jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Plaintiff's Motion [ECF No. 99] and DISMISSES the Defendant's Counterclaim for lack of subject-matter jurisdiction.

SO ORDERED on November 17, 2016.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION